UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA TAA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>    Defendants. | Case No. 15-cv-01305-BLF<br><br>**ORDER DENYING, WITHOUT PREJUDICE, APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF 1] |

Plaintiffs Anita and Donato Taa ("Plaintiffs"), proceeding *pro se*, seek a temporary restraining order ("TRO") against numerous defendants in connection with a mortgage on their real property. Pl.'s Mot., ECF 1. Plaintiffs filed their application for TRO on March 20, 2015 and averred that they did not serve defendants because "[n]o 'Certificate of Service' is required due to our 'Crime Victims' Rights Claimant' status." Certificate of Service, ECF 1-1. The Court accordingly treats this application as *ex parte* and, for the reasons stated herein, DENIES it without prejudice.

**I.   BACKGROUND**

The gravamen of Plaintiffs' lawsuit is not entirely clear because their TRO application is not accompanied by a complaint. Recognizing that *pro se* filings are to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court discerns from Plaintiffs' TRO application and accompanying documents that they own a property in Milpitas secured by a promissory note on a loan originally obtained from AmPro Mortgage Corporation. *See* Pl.'s Mot. Exh. A. Plaintiffs appear to contend that both the loan and the note are illegal, either because they were

fraudulently entered or subsequently fraudulently assigned, or both. *See* Pl.'s Mot. at 2;[1] *see also id.* Exh. F (Plaintiffs' letter to California Attorney General Kamala D. Harris requesting criminal prosecution of the defendants for violations of "multiple criminal and civil statutes," including forgery, perjury, mail fraud, notary fraud, and criminal conversion).

Plaintiffs now seek a TRO against the defendants "in order to prevent further financial, mental and psychological devastation." Pl.'s Mot. at 1. Plaintiffs also request that "this Court stipulate that Movant receive all 'Crime Victims' Rights,' as required under [18 U.S.C. § 3771].'" *Id.* While it is not clear what exact conduct by the defendants Plaintiffs seek to enjoin, their application states that they are seeking relief in the form of:

> 1. REVERSE the illegally implemented eviction and reverse the illegal foreclosure action against Movant; and
>
> 2. Immediately implement ALL 'CRIME VICTIMS RIGHTS' MOVANT is entitled to under <u>18 USC 3771 CRIME VICTIMS' RIGHTS ACT; CALIFORNIA PENAL CODE 679 & 1102.6 Crime Victim and Witness Rights Act and the California Constitution, Article I, Section 28 (b)-Rights of Victims of Crime</u>, in order to make Movant Whole.
>
> 3. Based upon the presented evidence and existing Federal/State laws "BAR" the named Defendants from securing any type of relief, compensation, etc., in regards to Movant as per Per [sic] 18 USC 3771, (d) (1), which states in part: "A person accused of the crime may not obtain any form of relief under this chapter."

*Id.* (emphasis in original).

## II.  LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to

---

[1] Because Plaintiffs' filing lacks page numbers, references are to the ECF page numbers.

2

1  succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary
2  relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public
3  interest." *Id.* at 20.  Alternatively, an injunction can issue where "the likelihood of success is such
4  that serious questions going to the merits were raised and the balance of hardships tips sharply in
5  plaintiff's favor," provided that the plaintiff can also demonstrate the other *Winter* factors.
6  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and
7  internal quotation marks omitted).  Under either standard, the plaintiff bears the burden of making
8  a clear showing on these elements and on entitlement to this extraordinary remedy.  *Earth Island*
9  *Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### III. DISCUSSION

An *ex parte* TRO Application must first satisfy Federal Rule of Civil Procedure 65(b)(1), which demands "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and a certification describing the "efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B).  As previously described, Plaintiffs' averred that they are not required to give notice to defendants because of their "'Crime Victims' Rights Claimant' status." Certificate of Service, ECF 1-1.  It is not clear what efforts, if any, Plaintiffs made to contact the defendants.  More fundamentally, even if the Court were to accept Plaintiff's averment as sufficient justification for the failure to notify the named defendants, Plaintiffs have still failed to satisfy the first prong of Rule 65(b)(1) because they have provided no affidavit or verified complaint setting forth specific facts showing a likelihood of immediate and irreparable injury.  In fact, Plaintiffs' requested relief that this Court "REVERSE the illegally implemented eviction and reverse the illegal foreclosure against Movant," Pl.'s Mot. at 4 (emphasis in original), suggests that Plaintiffs actually seek to undo an already-completed eviction and foreclosure, rather than to enjoin it *ex ante*.  Plaintiffs have therefore failed to demonstrate a likelihood of immediate and irreparable injury sufficient to warrant *ex parte* injunctive relief.

As to the *Winter* factors, it bears repeating that Plaintiffs did not file a complaint in

conjunction with their application for TRO.  There is therefore no operative pleading and no claim for relief against the named defendants.[2]  Nor have Plaintiffs alleged any facts about their present situation and what they are seeking to enjoin beyond what the Court has been able to deduce from their papers.  As such, it is impossible to perform a proper analysis of the *Winter* factors for preliminary injunctive relief.  Suffice it to say, Plaintiffs have alleged no claims against the defendants and have therefore failed to demonstrate any likelihood of success or even serious questions going to the merits of any claims.  Moreover, absent any factual allegations concerning their present circumstance, there is nothing in the record before the Court showing that Plaintiffs are likely to suffer irreparable injury, that the balance of equities tips in their favor, or that an injunction would be in the public interest.

To the extent Plaintiffs base their request for injunctive relief upon the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, that statute does not entitle Plaintiffs to the relief that they seek here.  The CVRA was enacted "to make crime victims full participants in the criminal justice system."  *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006).  The Act enumerates rights afforded to crime victims in "[i]n any court proceeding involving an offense against a crime victim."  18 U.S.C. § 3771(b)(1).  Thought such rights may be asserted "in the district court in the district in which the crime occurred" if there is no prosecution underway, *id.* § 3771(d)(3), the CVRA does not appear to confer a private right of action against private parties.  Nor is the Court convinced that Plaintiffs have adequately demonstrated that they may avail themselves of the CVRA's protections because it is not clear that they are victims of any federal crime within the meaning of the CVRA.  *See id.* § 3771(e).  Furthermore, there is no evidence of a pending criminal investigation or formal criminal charges against the defendants in connection with their alleged misconduct sufficient to trigger the rights that Plaintiffs seek to

---

[2] The Court notes that in the absence of an operative pleading, Plaintiffs have also failed to satisfy Federal Rule of Civil Procedure 8(a)(1), which requires that a federal plaintiff set forth "a short an plain statement of the grounds for the court's jurisdiction."  While it appears that Plaintiffs may believe federal jurisdiction can be based on their invocation of the federal Crime Victims' Rights Act, the Court, as explained below, is skeptical that Plaintiffs can maintain a cause of action under that Act.  In any event, because the Court will afford Plaintiffs an opportunity to plead their claim(s), they are also on notice that they must establish the basis for this Court's jurisdiction.

invoke under the CVRA.  *See Does v. United States*, 817 F. Supp. 2d 1337, 1342-43 (S.D. Fla. 2011) (some CVRA rights may attach before formal charges, but deferring ruling on what rights those are); *In re Petersen*, No. 2:10-CV-298 RM, 2010 WL 5108692, at *2 (N.D. Ind. Dec. 8, 2010) (many CVRA rights only arise after charges brought).

### III.     ORDER

Based on the foregoing, Plaintiffs have failed to demonstrate their entitlement to a temporary restraining order.  Plaintiffs' application for TRO is accordingly DENIED without prejudice.  To the extent Plaintiffs intend to renew their application, they must first file **by April 13, 2015** a complaint setting forth their claim(s) for relief against the defendants and the basis for this Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to file such a pleading by that date shall result in summary dismissal of this action.

The Court advises Plaintiffs that they may wish to contact a Federal Legal Assistance Help ("FLASH") Center.  The information for the San Jose FLASH Center is:

United States Courthouse
280 South 1st Street
2nd Floor, Room 2070
San Jose, CA 95113
Phone: 408-998-5298, ext. 311

**IT IS SO ORDERED.**

Dated: March 23, 2015

BETH LABSON FREEMAN
United States District Judge